UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GARRETT,

    Petitioner,

v.
                    CASE NO. 2:11-CV-10305
                    HONORABLE LAWRENCE P. ZATKOFF
                    UNITED STATES DISTRICT JUDGE

MICHIGAN DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

Michael Garrett ("Petitioner"), presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for kidnapping, M.C.L.A. 750.349.[1] For the reasons stated below, the application for writ of habeas corpus is **SUMMARILY DENIED.**

### I.  Background

Petitioner was convicted of the above offense following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Garrett,* No. 265913 (Mich.Ct.App. June 26, 2007); *lv. den.* 478 Mich. 927; 733 N.W. 2d 54 (2007); *reconsideration den.* 480 Mich. 894; 738 N.W. 2d 756 (2007).

---

[1] Petitioner has named the Michigan Department of Corrections as the respondent. The only proper respondent in a habeas case is the habeas petitioner's custodian. *See Edwards v. Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254. Normally, the Court would order that the caption of the case be amended to reflect that the proper respondent is the warden of the Chippewa Correctional Facility, the current location of petitioner. However, because the Court is summarily denying the petition, it will not do so in this case. *See Logan v. Booker,* No. 2007 WL 2225887, * 1, n. 1 (E.D. Mich. August 1, 2007).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Jury verdict is contrary to the great weight of the evidence.

II. Federal-government intrusion into attorney-client relationship.

## II. Discussion

Federal courts are authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is thus authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 3d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No response to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response by the state. *Id.*

After undertaking the review required by Rule 4, this Court concludes that petitioner's habeas claims are meritless, such that the petition must be summarily denied. *See Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

**A. Claim # 1. The great weight of the evidence claim.**

Petitioner first claims that the jury verdict is contrary to the great weight of the evidence because of inconsistencies in the victim's testimony.

A federal habeas court has no power to grant habeas relief on the ground that a state conviction is against the great weight of the evidence. *See Cukaj v. Warren,* 305 F. Supp. 2d 789, 796 (E.D. Mich. 2004); *Dell v. Straub,* 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002); *See also Artis v. Collins,* 14 Fed. Appx. 387 (6th Cir. 2001)(declining to grant certificate of appealability to habeas petitioner on claim that jury's verdict was against the manifest weight of the evidence). Moreover, attacks on witness credibility are simply challenges to the quality of the prosecution's evidence and not to the sufficiency of the evidence. *See Martin v. Mitchell,* 280 F. 3d 594, 618 (6th Cir. 2002). An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *See Gall v. Parker*, 231 F. 3d 265, 286 (6th Cir. 2000). Any insufficiency of evidence claim rests on an allegation of the victim's credibility, which is the province of the finder of fact. Petitioner is therefore not entitled to habeas relief on his first claim. *See Tyler v. Mitchell,* 416 F. 3d 500, 505 (6th Cir. 2005).

**B.  Claim # 2.  The denial of the effective assistance of appellate counsel claim.**

In his second claim, petitioner claims that the federal government compromised his right to the assistance of appellate counsel.

Petitioner admits that he has not exhausted this claim with the state courts. However, a habeas petitioner's failure to exhaust his state court remedies does not deprive a federal court of its jurisdiction to consider the merits of the habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 131 (1987). A habeas petitioner's failure to exhaust his state court remedies is not a bar to federal habeas review of the claim "when the claim is plainly meritless and it would be a waste of time and judicial resources to require additional court proceedings." *Friday v. Pitcher,* 200 F. Supp. 2d 725, 744 (E.D. Mich. 2002); 28 U.S.C. § 2254(b)(1)(A)(c). Because petitioner's claim lacks merit, in

the interests of efficiency and justice, the Court will address petitioner's claim, rather than dismiss the petition on exhaustion grounds. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).

Petitioner offers no specific allegations as to how the federal government somehow interfered with petitioner's right to the assistance of appellate counsel with respect to his state court conviction. Indeed, petitioner has attached to his petition a copy of the Michigan Court of Appeals' decision from his direct appeal, in which he was represented by appellate counsel, which appears to defeat his claim that he was deprived the effective assistance of appellate counsel on his direct appeal. Because petitioner's allegation that the federal government compromised his right to the assistance of appellate counsel is conclusory and unsupported, he is not entitled to habeas relief on such a claim. *See e.g. Workman v. Bell,* 178 F. 3d 759, 771 (6th Cir. 1998). Finally, to the extent that petitioner claims that he was denied the effective assistance of counsel when attorney TeLisa Owens failed to file a post-conviction motion for relief from judgment on his behalf with the state courts, there is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a habeas petitioner cannot raise a claim of ineffective assistance of counsel arising out of such proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991). 28 U.S.C.§ 2254(i), in fact, states that the ineffectiveness of counsel during federal or state post-conviction proceedings "shall not be a ground for relief in a proceeding arising under section 2254." Thus, petitioner's claim that his post-conviction counsel was ineffective is barred or noncognizable under § 2254(i). *See Post v. Bradshaw,* 422 F. 3d 419, 423 (6th Cir. 2005).

### III. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner

must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because jurists of reason would not find this Court's resolution of his claims to be debatable. *See Strayhorn v. Booker,* 718 F. Supp. 2d 846, 854 (E.D. Mich. 2010). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## IV. ORDER

Accordingly, the Petition for Writ of Habeas Corpus is **SUMMARILY DENIED.**

The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

                                    s/Lawrence P. Zatkoff
                                    LAWRENCE P. ZATKOFF
                                    UNITED STATES DISTRICT JUDGE

Dated: February 16, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 16, 2011.

                                      s/Marie E. Verlinde
                                      Case Manager
                                      (810) 984-3290